Citation Nr: 1710374 
Decision Date: 03/31/17 Archive Date: 04/11/17

DOCKET NO. 95-23 643 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Montgomery, Alabama


THE ISSUE

Entitlement to compensation pursuant to 38 U.S.C.A. § 1151 for additional disability of the right shoulder, claimed to result from treatment received at Department of Veterans Affairs medical facility in April 1993.


REPRESENTATION

Veteran represented by: John F. Cameron, Attorney at Law


WITNESS AT HEARING ON APPEAL

Veteran


ATTORNEY FOR THE BOARD

D. Bassett, Associate Counsel


INTRODUCTION

The Veteran served on active duty from December 1972 to December 1976.

This matter is before the Board of Veterans' Appeals (Board) on appeal from a February 1995 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Montgomery, Alabama which denied entitlement to compensation under the provisions of 38 U.S.C.A. § 1151 for status post open reduction and internal fixation, right acromioclavicular separation (right shoulder disability).

In June 1997, December 1998, and January 2001, the Board remanded this case for development action.

In February 1997, the Veteran testified at a hearing before a Veterans Law Judge (VLJ), and in May 2000 he testified at a second hearing before a different VLJ. By law, a VLJ who presides at a hearing must participate in the decision of the Board in the case. 38 C.F.R. § 20.707 (2016). Consequently, this appeal was to be decided by a panel of three VLJs, as the law specifies that any panel of judges must be in multiples of three. 38 U.S.C.A. § 7102 (West 2014).

A decision by a panel of three VLJs dated in December 2003 denied the claim on appeal. The Veteran appealed the Board's decision to the United States Court of Appeals for Veterans Claims (Court). In January 2005, the Court, pursuant to a joint motion for remand (JMR), vacated the Board's December 2003 decision and remanded the matter for further proceedings consistent with the JMR.

In August 2005, the Board remanded this case for procedural reasons. In December 2006, the Board issued another decision denying the claim on appeal. The Veteran appealed the Board's December 2006 decision to the Court. In a December 2009 memorandum decision, the Court affirmed that portion of the Board's December 2006 decision that denied entitlement to compensation under 38 U.S.C.A. § 1151 for a cervical spine condition, claimed to result from treatment received at a VA medical facility in April 1993. However, the Court vacated and remanded that portion of the December 2006 Board decision that denied entitlement to compensation under 38 U.S.C.A. § 1151 for a right shoulder disability, claimed to result from treatment received at a VA medical facility in April 1993, because of a failure by the Board to comply with an order set forth in a previous remand. 

The case was once again returned to the Board, and the Board, in turn, remanded the matter back to the Agency of Original Jurisdiction (AOJ) for additional development of the record in February 2011. The February 2011 remand was signed by a panel of three VLJs, including the VLJ who presided over the personal hearing in February 1997 and the VLJ who presided over the personal hearing in May 2000. 

After the February 2011 remand, the Court held in Arneson v. Shinseki, 24 Vet. App. 379, 386 (2011), that under 38 C.F.R. § 20.707, a claimant must be afforded an opportunity for a hearing before all the Board members who will ultimately decide his appeal. Thus, if the claimant's appeal is assigned to a Board panel, that claimant must be afforded the opportunity for a hearing before every member of the panel that will ultimately decide his case. 

A letter was sent to the Veteran in May 2012 offering him the opportunity to testify at a hearing before a third VLJ who would participate in the panel decision. In correspondence received at the AOJ in June 2012, the Veteran's attorney indicated the Veteran's desire to appear at a third Board hearing, either in person, or via video conference, whichever was expected to be sooner. As a result, the Board again remanded this matter in July 2012 and October 2014 so that the requested hearing could be scheduled. 

The Veteran then failed to appear for a June 2015 Board hearing, but thereafter showed good cause for his failure to appear. The Board remanded the claim again in March 2016 to schedule the Veteran for a Board hearing and the appeal has now been returned to the Board. 

The appeal is REMANDED to the AOJ. VA will notify the Veteran if further action is required.


REMAND

Following the October 2014 remand, the Veteran was scheduled for a videoconference hearing before a VLJ of the Board in June 2015. The record reflects that he failed to report for that hearing. However, a statement from his attorney dated in May 2015 indicates it was requested that hearing be rescheduled. Therefore, the Board found that good cause had been shown for his failure to report. The Board thereafter remanded the claim in March 2016 to schedule the Veteran for a hearing, yet the Veteran has not been afforded a hearing. Letters from the Veteran's representative in June 2016, November 2016, December 2016, and January 2017 reassert the Veteran's request for a hearing in front of a VLJ. 

As both in-person hearings at the RO and videoconference hearings are scheduled by the RO, a remand is required to complete this action.

The Board also notes, as previously stated in the October 2014 remand, that both of the VLJs who held hearings with the Veteran have left the Board. As a result, a panel decision is no longer necessary in this case. However, the Veteran has requested a hearing with a VLJ who will decide his case, and should be afforded the opportunity for such a hearing.

In addition, information in the file appears to indicate that the Veteran appointed Mr. Cameron as his representative in 1977. Mr. Cameron continues to submit argument on behalf of the Veteran, and has done so throughout the pendency of this appeal. However, there is evidence the Veteran also appointed the American Legion as his service representative in May 2015, without indication of any limitation. Consequently, while the case is in remand status, the Veteran should be asked to clarify his representation in this matter.

Accordingly, the case is REMANDED for the following action:

1. Send the Veteran a VA Form 21-22 (Appointment of Veterans Service Organization as Claimant's Representative) and a VA Form 21-22a (Appointment of Individual as Claimant's Representative), and request that he clarify his representation as to the issue currently on appeal. 

2. Schedule the Veteran for a hearing with a Veterans Law Judge of the Board in accordance with his request. The Veteran and his attorney should be notified in writing of the date, time and location of the hearing.

After the hearing is conducted, or if the Veteran withdraws the hearing request or fails to report for the scheduled hearing, the claims file should be returned to the Board, in accordance with appellate procedures.

By this remand, the Board intimates no opinion, either legal or factual, as to any final determination warranted in this case. The purpose of this remand is to afford the veteran due process of law

The Veteran has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate





action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).




_________________________________________________
Michael J. Skaltsounis
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2016).